## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**ALLEN BAIRD,**

    **Movant,**

v.                                    **Case No. 3:15-cv-15229**
                                       **Criminal Case No. 3:06-cr-00031**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant Allen Baird's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 56). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record and the arguments of the parties, the undersigned **FINDS** that Movant's Motion is without merit; therefore, the undersigned respectfully **RECOMMENDS** that his § 2255 Motion be **DENIED**, and this matter be **DISMISSED** from the docket of the Court.

### I.    Factual and Procedural Background

On July 10, 2006, this Court sentenced Movant following his guilty plea to one count of aiding and abetting the distribution of five or more grams of cocaine base, also known as "crack," in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (ECF Nos. 14, 26,

27, 31, and 40).[1] Movant was sentenced as a career offender under the United States Sentencing Guidelines ("Guidelines") based on two prior felony drug convictions. (ECF Nos. 40 at 4 and 47 at 2). During sentencing, the Court considered whether a departure or variance from the advisory guideline range was warranted, but did not find a reason to deviate from the career offender provisions or apply a sentence outside the guideline range. (*Id.* at 10-12 and 3). Movant appealed his sentence to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), arguing that the sentence was plainly unreasonable, because the Court applied the career offender provisions in his case. (ECF No. 47 at 2). The Fourth Circuit found no basis for concluding that Movant's sentence was unreasonable and affirmed the District Court's judgment. (*Id.* at 3).

Movant now seeks relief under § 2255 "based on the Supreme Court's new ruling" in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In response, the United States contends that *Johnson* is inapplicable to Movant's case, as the holding applies only to defendants that received sentence enhancements under the residual clause of the "violent felony" definition contained in the Armed Career Criminal Act ("ACCA"). (ECF No. 62 at 3). Respondent points out that Movant was not sentenced under the ACCA, and his career offender status was based on prior controlled substance offenses, not violent felonies. Therefore, Respondent maintains that Movant is not entitled to habeas relief under *Johnson*. (*Id.* at 4).

## II. <u>Discussion</u>

In *Johnson, supra*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [ACCA] violates the

---

[1] The docket entries referenced throughout this PF&R are taken from proceedings of record in Movant's criminal case and cite to Case No. 3:06-cr-00031.

2

Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.'" *Id.* at 2555. The ACCA defines the term "violent felony," in relevant part, as any felony that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* (citing 18 U.S.C. § 924(e)(2)(B)). The Supreme Court held that the foregoing definition of violent felony, referred to as the ACCA's "residual clause," is unconstitutionally vague. *Id.* at 2556-63.

In his § 2255 Motion, Movant asserts that he was sentenced under the residual clause, which was found to be "constitutionally invalid in light of Johnson." (ECF No. 56 at 3). However, *Johnson* is inapplicable to Movant's case, because Movant did not receive a sentence enhancement under the residual clause of the ACCA. In fact, Movant was not sentenced under the ACCA at all. Instead, Movant was sentenced as a career offender under the Guidelines, and he was designated a career offender based upon prior felony drug convictions, not upon prior violent felonies. *See* Guidelines § 4B1.1 ("either a crime of violence or a controlled substance offense" may qualify as a predicate offense under the career-offender guideline). As the holding in *Johnson* only concerns sentence enhancements under the residual clause of the ACCA, it has no bearing on career offender sentence enhancements based on prior felony drug convictions. *See Gardner v. United States*, 1:16-cv-00138-MR, 2016 WL 4479544, at *2 (W.D.N.C. Aug. 24, 2016) ("Nothing in *Johnson* affects the definition of 'controlled substance offense' or suggests that this Court's determination of Petitioner's career-offender status based on his prior drug convictions was erroneous."); *United States v. Sadm*, No. 5:08-CR-00021-1, 2016 WL 5081663, at *4 (W.D. Va. Sept. 16, 2016) ("*Johnson* does not affect the viability of

predicate drug offenses under the ACCA and is, therefore, inapplicable."); *Miles v. United States*, No. ELH-13-0512, 2016 WL 1321390, at *3 (D. Md. Apr. 5, 2016).

Movant acknowledges that he was not sentenced under the ACCA, but argues that the reasoning in *Johnson* should be extended to career offenders sentenced under the residual clause of the Guidelines. Movant emphasizes that the residual clause in the career offender guidelines is identical to the unconstitutional clause found in the ACCA. (ECF No. 56 at 3) (Movant argues, "If it applies to armed career offenders, it has to apply to career offenders the same because the language in career offender is identical to the language in armed career offender."). However, assuming *arguendo* that Movant was sentenced based upon the residual clause of the career offender guidelines—which as previously noted, he was not—the Supreme Court recently rejected a claim that the Guidelines' residual clause should be found unconstitutionally vague in violation of defendants' right to due process. *Beckles v. United States*, 580 U.S. ___, No. 15-8544 (2017). In *Beckles,* the Supreme Court was asked to examine the constitutionality of the career offender guidelines' residual clause in light of the *Johnson* decision striking down the same clause in the ACCA. The Court determined that the residual clause in the Guidelines was not unconstitutionally vague, explaining that "[u]nlike the ACCA … the advisory Guidelines do not fix the permissible range of sentences." *Id.* slip op. at 5. Rather, the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Therefore, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.* Thus, given the *Beckles* decision, Movant's argument that the holding in *Johnson* extends to defendants sentenced as career offenders under the residual clause of the Guidelines is

4

without merit.

Accordingly, the undersigned **FINDS** that Movant asserts no potentially meritorious ground for relief under § 2255. As such, his Motion should be denied and his case should be dismissed with prejudice.

### III. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the presiding district judge confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 56), be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be

5

provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** March 9, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge